**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 CR 495-38 |
| | ) | |
| MARIO TAYLOR, | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Defendant Mario Taylor was convicted at trial in May 2007 of conspiracy to possess with intent to distribute at least 5 kilograms of cocaine and at least 50 grams of cocaine base. He was also convicted of distributing cocaine and cocaine base. Taylor was sentenced to 360 months and has been in custody since his arrest in 2004. Mr. Taylor now moves [2917] for a reduced sentence under Section 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Government argues in opposition to Mr. Taylor's motion that he is not eligible for a sentence reduction. For the reasons explained below, the court finds that Mr. Taylor is eligible for relief under the First Step Act and reduces his sentence to 276 months.

<u>**BACKGROUND**</u>

In September 2004, a grand jury returned a 72-count indictment charging Mario Taylor and more than 40 co-defendants for their roles in a drug-distribution conspiracy. The indictment [200] charged Taylor with conspiracy to knowingly and intentionally distribute and possess with intent to distribute at least 5 kilograms of mixtures containing cocaine ("powder"), at least 50 grams of mixtures containing cocaine base in the form of "crack" cocaine, and more than one kilogram of mixtures containing heroin and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); five counts of knowingly and intentionally using a telephone to facilitate the commission of a felony, in violation of 21 U.S.C. § 843(b) (Counts 48–50, 52, 53); knowingly and intentionally possessing with intent to distribute 1,983 grams of cocaine (Count 51), approximately

2 kilograms of cocaine (Count 54), 248.1 grams of crack cocaine (Count 55), 632.1 grams of crack cocaine and 69.6 grams of cocaine (Count 57), and 368.3 grams of crack cocaine (Count 58) on five occasions in January 2004, in violation of 21 U.S.C. § 841(a)(1). The Government later voluntarily dismissed Count 48, and moved to amend the drug quantities in Counts 55, 57, and 58. (*See* Order Am. Indictment [1751]; Hearing Tr. [1947-4] 840:5–8, 844:19–23.) In January 2006, this court directed amendment of Count 55 to reflect that the controlled substance was powder cocaine rather than crack cocaine [998]. In May 2007, Count 57 was amended to reduce the amount at issue to 44 grams of powder cocaine and no crack cocaine (Hearing Tr. 846:3–6; Order Am. Indictment [1751]), and Count 58 was amended raising the amounts at issue to reflect 1,000.4 grams of crack cocaine and 25.6 grams of powder cocaine. (Order Am. Indictment [1751]; Hearing Tr. 846:8–11.) After the May 2007 trial, the jury acquitted Taylor on Count 49 but found him guilty on all other Counts [1771].

The jury also made specific drug quantity findings. (*See* Verdict [1771]; *see also* Ex. 1 to Taylor Reply [2966].) In Count 1, the jury found Taylor responsible for distributing 5 kilograms or more of powder cocaine and 50 grams or more of crack cocaine; in each of Counts 51 and 54, the jury found Taylor responsible for 500 grams or more, but less than 5 kilograms, of powder cocaine; in Count 58, the jury found Taylor responsible for 50 grams or more of crack cocaine. (*Id.*) The jury made no drug quantity determinations for the convictions on Counts 55 and 57.[1] (*Id.*) During Taylor's December 2007 sentencing hearing, the Government argued that Taylor was responsible for at least 100 kilograms of powder cocaine, but did not cite specific quantities of crack cocaine. (Sentencing Tr. 12:5–6, Ex. 1 to Gov't Resp. [2923-1].) This court did not expressly adopt the Government's position, but sentenced Taylor under the career offender

---

[1] During a hearing related to the verdict form, the Government explained that Counts 55 and 57 did not charge Taylor with a quantity of powder cocaine sufficient to trigger the statutory mandatory minimums, so the jury did not need to make drug quantity findings on those Counts. (*See* Hearing Tr. [1947-4] 840:1–8.)

2

guidelines that apply when the statutory maximum sentence is life in prison. (*Id.* 11:9–15); U.S.S.G. § 4B1.1(b)(1). Accordingly, the court assigned a base offense level of 37 and a criminal history category of VI, resulting in a guideline range of 360 months to life. The court sentenced [1965] Taylor to a within-guideline term of 360 months on Counts 1, 51, 54, 57, and 58, and imposed concurrent terms of 240 months on Count 55, and 48 months on Counts 50, 52, and 53.

On February 25, 2019, Taylor filed this pending motion for a reduced sentence under section 404 of the First Step Act. Taylor argues that he is eligible for a sentence reduction because his violation of 21 U.S.C. § 841(a)(1) is a covered offense as defined by section 404(a) of the First Step Act; that is, he argues that the statutory penalty for the crack cocaine portion of his offense was reduced by section 2 of the Fair Sentencing Act. (Taylor Mot. [2917] at 1–2; Taylor Reply at 9.) The Government responds that Taylor is not eligible for a sentence reduction under the First Step Act because his sentence was driven by the powder cocaine portion of his convictions. The Government contends he is, thus, not eligible for First Step Act relief because the Fair Sentencing Act did not modify the penalties for violations of 21 U.S.C § 841(a)(1) based on the distribution of powder cocaine. (Gov't Resp. [2923] at 5.)

## DISCUSSION

The First Step Act authorizes retroactive application of certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, to modify the sentences of those who committed an offense involving crack cocaine prior to August 3, 2010. Sections 2 and 3 of the Fair Sentencing Act reduce sentencing disparities between offenses involving crack and powder cocaine. Section 404 of the First Step Act states, in relevant part:

(a) DEFINITION OF COVERED OFFENSE. In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED. A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced

sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.

Pub. L. No. 115-391 § 404. Relief under the First Step Act is discretionary, but a court may not grant relief if a defendant previously had his sentence reduced in accordance with section 2 or 3 of the Fair Sentencing Act, or if the court previously considered and rejected the defendant's First Step Act motion on the merits. *Id.* § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

## I.    Eligibility

The First Step Act permits a court to reduce an inmate's sentence by retroactive application of provisions of the Fair Sentencing Act of 2010. The reduction is available only with respect to a "covered offense" – that is, "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010," and that "was committed before August 3, 2010." *Id.* § 404(a). Section 2 of the Fair Sentencing Act reduced the sentencing disparity between offenses involving crack and powder cocaine in 21 U.S.C. § 841 by increasing the weight of crack cocaine required to trigger certain mandatory minimums. *See Dorsey v. United States*, 567 U.S. 260, 263–64 (2012). Specifically, section 2 of the Fair Sentencing Act increased the weight of crack cocaine required to trigger the 10-year mandatory minimum from 50 grams to 280 grams, and increased the weight of crack cocaine to which the 5-year minimum sentence applies from 5 grams to 28 grams. *See* Pub. L. No. 111-220 § 2(a)(1)–(2), 124 Stat. 2372, 2372 (2010). Section 3 of the Fair Sentencing Act eliminated mandatory minimum sentences for simple crack cocaine possession. Pub. L. No. 111-220 § 3, 124 Stat. 2372, 2372.

Taylor committed his offense conduct well prior to August 3, 2010. The Government argues, however, that he is ineligible for a sentence reduction under the First Step Act because his conspiracy conviction involved both powder and crack cocaine, and the sentence imposed by the court was driven by the quantity of powder cocaine for which he was held responsible.

4

Because the Fair Sentencing Act did not change the statutory penalties for powder cocaine offenses, the Government urges the court to find that Taylor is not serving a sentence for an offense "covered" by the First Step Act.[2]  Taylor responds that the determination of whether he is eligible for First Step Act relief must focus on the statute under which he was charged and convicted, not his actual conduct.  Because the jury found Taylor guilty of distributing both crack and powder cocaine, and the statutory penalties have changed for the amount of crack cocaine that the jury found him guilty of distributing, he contends that his is a "covered offense" within the meaning of section 404(a) of the First Step Act.

The Seventh Circuit recently joined other Circuit Courts of Appeals in concluding that the phrase "the statutory penalties for which were modified by section 2 or 3" refer to "Federal criminal statute," not to "a violation of a federal criminal statute."  *United States v. Shaw,* Nos. 19-2067, 19-2069, 19-2078, 19-2117, ___F.3d ___, 2020 WL 2029258  (7th Cir. Apr. 28, 2020).  *See also United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019).  "If [a defendant] was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'"  *Id.*; *see also United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019); *United States v. Smith*, 954 F.3d 446 (1st Cir. 2020); *United States v. McDonald*, 944 F.3d 769 (8th Cir. 2019).

Taylor is eligible for relief under section 404 of the First Step Act because the Fair Sentencing Act modified the penalty for the statute he was convicted of violating.  Taylor's conviction was based, in part, on conspiring to possess with intent to distribute and to distribute 50 grams of crack cocaine.  The jury specifically found that the government proved beyond a

---

[2]    The Government opens its response by arguing that Taylor's motion is barred by section 404(c) of the First Step Act (Gov't Resp. at 1), but does not develop that argument, and the court notes that the limitations in section 404(c) do not apply to Taylor; his sentence has not been reduced in accordance with the amendments to section 2 or 3 of the Fair Sentencing Act, nor has he moved for First Step Act relief prior to the pending motion.  *See* Pub. L. No. 115-391 § 404(c).

reasonable doubt that Taylor conspired to distribute at least 50 grams of a mixture containing cocaine base in the form of crack cocaine. (Verdict at 19.) In 2007, when the jury returned this verdict, the statutory penalty for distributing at least 50 grams of crack cocaine was a minimum of 10 years to a maximum of life imprisonment. 21 U.S.C. § 841(b)(1)(A) (2006). Section 2 of the Fair Sentencing Act reduced the statutory penalties for 50 grams of cocaine to a lesser range of 5 to 40 years. 21 U.S.C. § 841(b)(1)(B). To be subject to the higher 10-year statutory minimum under current law, the jury would have had to find Taylor guilty beyond a reasonable doubt of distributing at least 280 grams of crack cocaine. 21 U.S.C. § 841(b)(1)(A). Accordingly, the Fair Sentencing Act modified the statutory penalty for Taylor's offense of conviction, and his is a covered offense within the meaning of section 404(a) of the First Step Act.

That Taylor was sentenced under the career offender guidelines, U.S.S.G. § 4B1.1, rather than the guidelines normally applicable to drug offenses, *id.* § 2D1.1, does not affect his eligibility for relief. *See, e.g., United States v. Johnson*, No. 01 CR 543, 2019 WL 2590951, at *4 (N.D. Ill. June 24, 2019) (reducing the sentence of a defendant sentenced under the career offender guidelines). Section 404(a) of the First Step Act specifies that covered offenses are statutory violations, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act. Pub. L. No. 115-391 § 404(a). Nothing in the language of the First Step Act defines eligibility in relation to the U.S. sentencing guidelines. In any case, the sentencing guideline range for Taylor's conspiracy conviction involving crack cocaine has, in fact, changed as a result of section 2 of the Fair Sentencing Act. Taylor was convicted of conspiring to distribute at least 50 grams of crack cocaine. Under the law as it existed prior to the Fair Sentencing Act, this quantity of crack cocaine meant that Taylor was subject to a statutory maximum sentence of life imprisonment. The career offender table assigns this offense statutory maximum a base offense level of 37. Now, however, a quantity of 50 grams of crack cocaine is subject to the statutory penalties in 21 U.S.C. § 841(b)(1)(B), mandating a maximum term of 40 years. The career

offender table assigns this statutory maximum a base offense level of 34. *See* U.S.S.G. § 4.B.1.1(b). Taylor's career offender guideline range based on crack cocaine thus drops from 360 months-to-life down to 262-to-327 months.

The Seventh Circuit has not yet decided whether a defendant is eligible for a reduced sentence under the First Step Act when he is charged with a conspiracy to distribute both crack cocaine and another controlled substance and when, as here, the defendant's sentence could be upheld solely on the basis of the distribution of that other controlled substance. Numerous district courts have, however, decided that a defendant's offense is still "covered" within the meaning of section 404(a) of the First Step Act when the defendant was convicted of a multiple-objective conspiracy. *See, e.g., United States v. Williams*, 402 F. Supp. 3d 442 (N.D. Ill. 2019); *Mitchell*, 2020 WL 1139245; *United States v. Luna*, No. 3:05-CR-58 (SRU), 2020 WL 464778, at *4 (D. Conn. Jan. 29, 2020) (listing cases); *but see United States v. Barber*, No. 5:08-CR-39-RH, 2020 WL 373982, at *1 (N.D. Fla. Jan. 22, 2020) ("Mr. Barber's offense involved both powder and crack cocaine, and his sentence would have been the same based on the powder alone, without regard to the crack. Mr. Barber is not eligible for a sentence reduction."). The court recognizes merit on both sides of this argument but sides with the majority; the Fair Sentencing Act modified the statutory penalties for the crack cocaine portion of a multiple-drug conspiracy charge even if the penalties for other controlled substances remain the same. And, as discussed above, it is the statute of conviction, not the offense conduct, that determines eligibility under the First Step Act. *See United States v. Opher*, 404 F. Supp. 3d 853, 965 (D.N.J. 2019) ("[T]he First Step Act does not restrict the 'covered' 'Federal criminal statute[s]' by suggesting 'as applied.'").

Moreover, as the District of Connecticut explained, when a conspiracy involves both crack and powder cocaine, the Government could have charged the defendant with two counts of violating 21 U.S.C. §§ 841(a)(1) and 846 instead of one. *Luna*, 2020 WL 464778, at *2. In that situation, the "conviction based on powder cocaine undoubtedly would not be a 'covered offense'

under the First Step Act because the Fair Sentencing Act did not modify the penalties for a crime involving five kilograms of powder cocaine." *Id.* But in that same situation, the "conviction based on crack cocaine undoubtedly *would* be a 'covered offense' under the First Step Act because the Fair Sentencing Act *did* modify the penalties for a crime involving 50 grams or more of crack cocaine." *Id.* And, the court concluded, the "availability of First Step Act relief cannot be so fickle; it cannot turn on how the government charged a case or drafted an indictment." *Id.* Otherwise, the U.S. Attorney's Office, rather than Congress, would define what it means for an offense to be covered under the First Step Act. *Id.* In sum, Taylor's conviction for conspiring to distribute at least 5 kilograms of powder cocaine in addition to the 50 grams of crack cocaine may (as discussed below) affect the relief to which he is entitled, but it does not affect his eligibility in the first instance.

## II.    Available Relief

Having found Taylor eligible for relief, the court considers whether granting such relief is an appropriate exercise of discretion. This court sentenced Taylor to a single 360-month term for his convictions on Counts 1, 51, 54, 57, and 58 of the indictment, counts involving both powder and crack cocaine. (Sentencing J. [1965] at 2.) In Count 1, the jury found Taylor responsible for 5 kilograms or more of a mixture or substance containing cocaine, as well as 50 grams or more of a mixture or substance containing cocaine base in the form of crack cocaine. (Verdict at 19.) In Counts 51 and 54, the jury found him responsible for 500 grams or more, but less than 5 kilograms, of a mixture or substance containing cocaine. (*Id.* at 24, 27.) Finally, in Count 58, the jury found Taylor responsible for 50 grams or more of a mixture or substance containing cocaine base in the form of crack cocaine. (*Id.* at 31.) The post-Fair Sentencing Act sentence guideline range for the portion of Taylor's conviction involving crack cocaine is 262 to 327 months, but the sentence range for his powder cocaine convictions remains unchanged at 360 months to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 4.B.1.1(b). To afford Taylor meaningful

relief, therefore, the court would have to resentence Taylor on both the covered and non-covered portions of his offense. The Seventh Circuit has held that it is not plain error for a district court to resentence a defendant under the First Step Act without a plenary resentencing proceeding, *see United States v. Hamilton*, 790 F. App'x 824, 826 (7th Cir. 2020), but it has not yet weighed in on whether a district court may resentence a defendant on all counts after finding him eligible for First Step Act relief.

Several district judges within this Circuit have resentenced defendants found eligible for First Step Act relief on both their covered and non-covered offenses. In *Biggs*, the court explained that it would be difficult to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed," Pub. L. No. 115-391 § 404(b), without considering all counts on which the defendant was convicted because "the guidelines require the court to use a combined offense level for all [related] counts." *United States v. Biggs*, No. 05 CR 316, 2019 WL 2120226, at *3 (N.D. Ill. May 15, 2019) (citing U.S.S.G. § 3D1.1(a)(3)). Because "the potential reduced penalties for covered offenses could influence the range of recommended penalties for non-covered offenses, 'imposing a reduced sentence as if the Fair Sentencing Act were in effect' entails resentencing on all counts." *Biggs*, 2019 WL 2120226, at *3 (alterations omitted). Other courts have reduced sentences for conspiracy convictions involving both crack and powder cocaine without distinguishing the contribution of powder cocaine to the length of the original sentence. *See, e.g., Johnson*, 2019 WL 2590951, at *4. A court's discretion to reduce a sentence for a covered offense is limited, however, when a reduction would bring the sentence below the statutory minimum required for the quantity of powder cocaine for which a defendant was convicted. *See, e.g., United States v. Mockabee*, No. 110-CR-00003-SEB-DML, 2010 WL 419349, at *4 (S.D. Ind. Jan. 27, 2020) (denying the defendant's motion to reduce his 240-month sentence because he pleaded guilty to a conspiracy

9

involving crack and powder cocaine and the minimum penalty for the powder cocaine portion was 20 years, based on a § 851 enhancement related to a prior felony conviction).

The statutory mandatory minimum sentence applicable to the powder cocaine portion of Taylor's conspiracy conviction is 10 years, well below the 360-month sentence imposed, and well in excess of the time he has already served. There is, thus, no statutory limit on the court's discretion to reduce Taylor's sentence. The court is persuaded by the preceding authority that it would be appropriate to resentence Taylor on Counts 1, 51, 54, 57, and 58 of the indictment, even though the statutory mandatory minimum and the guideline range for the powder cocaine portion of the original sentence remains unchanged. *See Biggs*, 2019 WL 2120226, at *3 (reducing the defendant's sentence despite the fact that the guidelines range for his *crack* cocaine conviction had not changed).

## III. Discretion to Reduce Sentence

A court's decision whether to reduce the sentence of an eligible defendant pursuant to the First Step Act is discretionary. *See* Pub. L. No. 115-391 § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). By the court's rough calculation, Mr. Taylor has at least another 100 months remaining on his sentence. To determine whether to exercise its discretion to set an earlier release date, the court considers the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Mansoori*, No. 97 CR 63-9, 2019 WL 6700166, at *5 (N.D. Ill. Dec. 9, 2019); *see also United States v. Rose*, 379 F. Supp. 3d 223, 234 (S.D.N.Y. 2019) ("[E]ven if consideration of § 3553(a) factors is not expressly required by the First Step Act, the Court concludes that it is appropriate to use that familiar framework to guide the exercise of discretion conferred by the First Step Act."). The Government has challenged Taylor's eligibility for First Step Act relief but has not expressed a view on the appropriate sentence reduction if Taylor is indeed eligible. *See Johnson*, 2019 WL 2590951, at *4. Accordingly, the court will exercise its discretion to reduce Mr. Taylor's 360-month term of

imprisonment. Based on its consideration of the § 3553(a) factors, however, the court declines to reduce Mr. Taylor's sentence to his requested 262 months or, alternatively, to time served.

"Evidence of post-sentencing rehabilitation 'may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing.'" *Mansoori*, 2019 WL 6700166, at *5 (quoting *Pepper v. United States*, 562 U.S. 476, 491 (2011)). Taylor notes that while in custody, he has completed many educational and practical training courses aimed at self-improvement. (*See* Ex. 3 to Taylor Reply [2966-3].) Mr. Taylor has significant family support, as well: his daughter, wife, and mother-in-law wrote letters to the court describing Mr. Taylor's efforts to maintain close relationships with his family despite his incarceration, and expressing their support for Mr. Taylor's release. (*See* Exs. 4–6 to Taylor Reply.) Mr. Taylor himself has written to the court expressing remorse for his criminal conduct. (*See* Letter from Mario Taylor to Judge Pallmeyer (June 3, 2019) [2943].) On the other hand, Taylor has served only a bit more than half of his original sentence and, based on good time credits, would likely not be released until June 2030. The court notes that Taylor was sentenced as a career offender after an escalating history of criminal activity beginning in his teenage years. (*See* Sentencing Tr. 12:14–17.) While on parole for armed robbery, Mr. Taylor shot someone in an attempt to kill that individual. (*Id.* 13:7–11, 14:1–4.) Then, while on parole for the attempted murder conviction, Mr. Taylor began distributing drugs leading to the present conviction. (*Id.* 14:13–16); *cf. Biggs*, 2019 WL 2120226, at *4 ("[T]he designation as an armed career criminal, while cause for concern about recidivism, was based on drug crimes rather than crimes of violence.").

Additionally, the § 3553(a) factors express the importance of avoiding "unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). John Braboy, with whom Taylor was tried, was also convicted on Counts 1, 55, and 57, but due to a lower criminal history score, was sentenced

11

[2042] to 240 months on Counts 1 and 55.  This court later reduced his sentence to 188 months [2756] upon his joint motion with the Government.  Reducing Mr. Taylor's sentence to time served would nearly eliminate the effect of Taylor's significant criminal history, as well as his convictions on the separate charges of distributing both crack and powder cocaine in Counts 51, 54, and 58, on the length of his sentence.

The court recognizes Mr. Taylor's achievements while incarcerated, and notes that he is now 52 years old, an age when recidivism is less likely.  The court remains sensitive to the considerations that supported the original sentence:  recognition of the seriousness of the offense, the goal of adequate deterrence, and the desire to avoid unwarranted sentencing disparities.  Accordingly, the court finds a reduced sentence of 276 months "sufficient, but not greater than necessary, to comply with the purposes" of sentencing.  18 U.S.C. § 3553(a).

## CONCLUSION

Defendant Mario Taylor's motion [2917] for a reduced sentence under Section 404 of the First Step Act is granted.  The court orders that his sentence be reduced to 276 months.  The court leaves intact his 5-year term of supervised release and all other conditions of his sentence.

ENTER:

Date:  May 13, 2020

_____
REBECCA R. PALLMEYER
United States District Judge

12